UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tomoko Fukita,<br><br>Plaintiff,<br><br>v.<br><br>Joshua Gist and Deborah Starr,<br><br>Defendants. | Case No. 20-CV-1869 (SRN/LIB)<br><br><br>**CONCLUSIONS OF LAW AND ORDER FOR ENTRY OF DEFAULT JUDGMENT** |

Gregory McLawsen, Immigration Support Advocates, 113 Cherry St. ECM # 45921, Seattle, WA 98104-2205, and Nicholas Ratkowski, Contreras & Metelska, P.A., 200 University Ave. W., Ste. 200, St. Paul, MN 55103, for Plaintiff.

Joshua Gist and Deborah Starr, Pro Se Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff's Motion for Default Judgment [Doc. No. 22] filed by Tomoko Fukita. A hearing on this motion was held on January 15, 2021 via video conference. Gregory McLawsen and Nicholas Ratkowski appeared on behalf of Plaintiff, and Defendants Joshua Gist and Deborah Starr appeared on their own behalf. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** Plaintiff's motion.

**I.  CONCLUSIONS OF LAW**

Under 8 U.S.C. § 1182(a)(4)(C)(ii), a United States citizen or resident initiating the immigration process on behalf of a non-citizen immigration petitioner must execute a U.S. Citizenship and Immigration Services Form I-864 Affidavit of Support. It is uncontested

1

that Defendants Joshua Gist and Deborah Starr executed such Affidavits of Support on behalf of Plaintiff Tomoko Fukita. Plaintiff brings this action against Defendants seeking to enforce her rights to support under those documents.

1. This Court has subject matter jurisdiction over this matter pursuant to 8 U.S.C. § 1183a(e)(1) and 28 U.S.C. § 1331. *See, e.g.*, *Greiner v. De Capri*, 403 F. Supp. 3d 1207, 1218 (N.D. Fla. 2019) (holding that Court possessed federal question jurisdiction over claim to enforce the Affidavit of Support); *Liu v. Mund*, 686 F.3d 418, 419 (7th Cir. 2012) ("The suit thus arises under federal law . . . .").

2. This Court has personal jurisdiction over Defendants Joshua Gist and Deborah Starr. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982) (noting that "under Rule 12(h) Federal Rules of Civil Procedure, '[a] defense of lack of jurisdiction over the person ... is waived' if not timely raised in the answer or a responsive pleading."). Here, neither Gist nor Starr have answered or filed any responsive pleading contesting personal jurisdiction. Consequently, any defense on such a ground is waived.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b). Neither Mr. Gist nor Ms. Starr have answered or filed any responsive pleading contesting venue, and therefore any defense on such a ground is waived. *See* Fed. R. Civ. P. 12(h)(1).

**A.     The Defendants are in Default**

4. "Pursuant to Federal Rule of Civil Procedure 55, the Court may enter a default judgment against a defendant against whom a default has been entered for failing to plead or otherwise defend." *Iota Phi Lambda Sorority, Inc. v. Contenta Glob. Capital*

2

*Grp.*, LLC, No. 19-CV-532 (SRN/DTS), 2019 WL 4687115, at *4 (D. Minn. Sept. 26, 2019).  "[W]hen a defendant is in default, the Court accepts as true all of the factual allegations in the complaint except those relating to damages." *Id.* (citing *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)); *Adventure Creative Grp. v. CVSL, Inc.*, 412 F. Supp. 3d 1065, 1069 (D. Minn. 2019).

5.  There is a two-step process for the entry of a default judgment. *Iota Phi Lambda Sorority,* 2019 WL 4687115, at *4  (citing *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1988)).  First, the moving party must seek a default from the Clerk of Court, and the Clerk must enter default based on proof that the opposing party has failed to plead or defend against the action.  Fed. R. Civ. P. 55(a).  Second, the moving party must seek entry of default judgment from the Court based on either Rule 55(b)(1) (where damages are sum certain) or Rule 55(b)(2) (in all other cases). *See* Fed. R. Civ. P. 55(b)(1)–(2).  Entry of default by the Clerk of Court must precede entry of default judgment. *Johnson*, 140 F.3d at 783.

6.  Having been served with the summons and complaint in this action and having failed to answer or otherwise respond to the Complaint, the Defendants are in default.  The Clerk of Court has entered a default against Defendants [Doc. No. 21], and Plaintiff has moved for a default judgment.

7.  The Court must determine if Plaintiff's factual allegations "constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *Murray*, 595 F.3d at 871.  If the taken-as-true allegations of the complaint constitute a legitimate cause of action, then the

3

amount of the default judgment must be ascertained. *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

8. A plaintiff with Ms. Fukita's standing may enforce her rights under the Affidavit of Support. *Cf.* Greg McLawsen, Suing on the I-864, Affidavit of Support; September 2020 Update, 22 *Bender's Immigr. Bull.* 1581 (Oct. 15, 2020) (collecting and analyzing cases).

9. Accordingly, the Court will enter default judgment against the Defendants as provided below.

**B. The Defendants are Liable to Plaintiff Fukita for Damages Under the Affidavits of Support**

10. As noted above, the factual allegations in the Complaint—other than those relating to the amount of damages—are accepted as true.

11. To be entitled to relief, Ms. Fukita must establish three things. First, Ms. Fukita must show that the Defendants have "executed" Affidavits of Support for her benefit.

12. "An affidavit of support is executed when a sponsor signs and submits the appropriate forms in accordance with the form instructions to USCIS or the Department of State, as appropriate." 8 C.F.R. § 213a.2(a)(ii).

13. Once "executed," the Affidavit becomes a binding contract between the sponsor and the U.S. Government. 8 C.F.R. § 213a.2(d).

14. The Complaint alleges that Mr. Gist signed his Affidavit of Support on July 30, 2012 and filed the same in support of Ms. Fukita's residency application. (Compl. [Doc. No. 1] ¶¶ 64-65]; Gist Aff. of Supp., Compl., Ex. 1 [Doc No. 3-1].)

15. The Complaint alleges that on July 26, 2012, Ms. Starr signed her Affidavit of Support, which she filed in support of Ms. Fukita's residency application. (Compl. ¶¶ 67-68; Starr Aff. of Supp., Compl., Ex. 2 [Doc No. 3-2].)

16. Each Defendant's Affidavit of Support was therefore duly executed and therefore is an enforceable contract. 8 C.F.R. § 213a.2(d).

17. Second, Ms. Fukita must show that she subsequently acquired U.S. residency status. 8 C.F.R. § 213a.2(d) ("The sponsored immigrant . . . *after the sponsored immigrant acquires permanent resident status*, may seek enforcement of the sponsor's obligations through an appropriate civil action") (emphasis added).

18. The Complaint alleges that Ms. Fukita was granted residency status on November 9, 2012. (Compl. ¶ 72; Fukita Res. Card, Compl., Ex. 7 [Doc No. 3-7].)

19. The Defendant's support obligations under their Affidavits of Support commenced when Ms. Fukita gained resident status on November 9, 2012. 8 C.F.R. § 213a.2(e)(1).

20. Ms. Fukita is a third-party beneficiary of the Affidavits of Support executed by the Defendants and therefore has standing to maintain the action at bar. 8 U.S.C. § 1183a(a)(1)(B); 8 C.F.R. § 213a.2(d).

21. Third, Ms. Fukita must show that her income has fallen below 125% of the Federal Poverty Guidelines. 8 U.S.C. § 1183a(a)(1)(A). She alleges the same. (Compl.

¶¶ 82-83.) Because the calculation of damages in this matter is equal to the difference between 125% of the Poverty Guideline and Ms. Fukita's income, her income is discussed in detail below.

22.  Finally, Ms. Fukita must show that none of the five terminating events have occurred which would end the Defendant's legal duties under the Affidavits.

23.  The Defendants' support obligations under their Affidavits of Support terminate only upon the occurrence of one of the following Terminating Events, that Ms. Fukita: (1) naturalizes; (2) can be credited with 40 quarters of work under the Social Security Act; (3) loses residency status and departs the United States; (4) readjusts status to residency in removal proceedings; or (5) dies.  8 C.F.R. § 213a.2(e)(2)(i).

24.  The first terminating event has not occurred because Ms. Fukita is not a U.S. citizen.  8 C.F.R. § 213a.2(e)(2)(i)(A); (Compl. ¶ 85).

25.  The second terminating event has not occurred because Ms. Fukita cannot be credited with 40 quarters of work under the Social Security Act.  8 U.S.C. § 1183a(a)(3)(A); 8 C.F.R. § 213a.2(e)(2)(i)(B); (Compl. ¶ 86).

26.  The third terminating event has not occurred because Ms. Fukita has not both lost residency status and departed the United States.  8 C.F.R. § 213a.2(e)(2)(i)(C); (Compl. ¶¶ 73-76) (Ms. Fukita has successfully removed the conditional status of her residency and is now an unconditional permanent resident).

27.  The fourth terminating event has not occurred because Ms. Fukita has not acquired residency status during removal (i.e., deportation) proceedings.  8 C.F.R. § 213a.2(e)(2)(i)(D); (Compl. ¶ 88).

6

28. The fifth terminating event has not occurred because Ms. Fukita is alive. 8 C.F.R. § 213a.2(e)(2)(i)(E); (Compl. ¶ 89).

29. Ms. Fukita has demonstrated that she is entitled damages under the Affidavits of Support, as authorized by 8 U.S.C. § 1183a(e)(1). The valuation of her damages is set forth in Section D below.

30. By signing Affidavits of Support, each Defendant agreed to provide Ms. Fukita with any support necessary to maintain her at an income that is at least 125 percent of the Federal Poverty Guidelines for her household size. 8 U.S.C. § 1183a(a)(1)(A).

31. The Defendants are jointly and severally liable with respect to their financial support obligations under the Affidavits of Support. 8 U.S.C. § 1183a(f)(5)(A); 8 C.F.R. § 213a.1.

32. In the present case, Plaintiff Fukita alleges that she is a lawful permanent resident who is the third-party beneficiary of two Affidavits of Support. She alleges that Defendant Gist is her former husband, who serves as her immigration petitioner. (Compl. ¶ 52, *et seq.*)

33. The Plaintiff alleges that, as her immigration petitioner, Mr. Gist was required by law to execute an Affidavit of Support for her benefit. (Compl. ¶ 20; Gist Aff. of Supp., Compl., Ex. 1.)

34. Ms. Fukita further alleges that Defendant Deborah Starr signed an additional Affidavit of Support in the role of a joint sponsor. (Compl. ¶¶ 20, 67-69; Starr Aff. of Supp., Compl., Ex. 2.)

7

35. Ms. Fukita's breach of contract claim is predicated on her allegation that her income has been beneath 125% of the poverty guideline, triggering the Defendants' financial support obligation. (Compl. ¶ 77, *et seq.*)

36. By failing to provide the requisite financial support, the Defendants have breached their covenant with the United States government; Ms. Fukita is entitled to redress.

### C. The Court Exercises its Discretion to Enter Default Judgment

37. Whether to enter default judgment against a party is committed to the sound discretion of the district court. *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015).

38. It is appropriate for the Court to recognize where, as here, a party has fully opted out of participating in the litigation. *Polaris Indus. Inc. v. TBL Int'l Inc.*, No. 19-cv-0291 (WMW/DTS), 2020 WL 1075019, at *2 (D. Minn. Mar. 6, 2020) ("a party's complete lack of participation in litigation is a basis for granting default judgment") (citing *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118-19 (8th Cir. 1997)).

39. Courts generally disfavor defaults and prefer that cases be decided on their merits. *Trustees of St. Paul Elec. v. Martens Elec.*, 485 F. Supp. 2d 1063, 1064 (D. Minn. 2007).

40. At the same time, public policy concerns weigh heavily in favor of ensuring that Ms. Fukita can vindicate her rights under the Affidavit of Support.

41. Since 1882, Congress has codified its concern about immigrants becoming "public charges." *See* Act of Aug. 3, 1882, 22 Stat. 214. Congress created the Form I-864

8

in furtherance of that goal—to prevent immigrants from becoming public charges. *Liu*, 686 F.3d at 422.

42. Courts have strictly construed the terms of the Affidavit of Support against the sponsor and in favor of ensuring that an immigrant receives financial support when needed. *See, e.g., Erler v. Erler*, 824 F.3d 1173, 1177 (9th Cir. 2016) (rights under the Form I-864 cannot be waived via a nuptial agreement); *Liu*, 686 F.3d at 422–23 (sponsored immigrant has no duty to mitigate damages by seeking employment); *Cyrousi v. Kashyap*, 386 F. Supp. 3d 1278, 1284–85 (C.D. Cal. 2019) (contract law affirmative defenses do not apply in actions to enforce the Form I-864); *Liu v. Kell*, 299 F. Supp. 3d 1128, 1133 (W.D. Wash. 2017) (same).

43. Here, Ms. Fukita has taken all appropriate procedural steps to enforce her rights under the Form I-864, and the Defendants have been given all appropriate opportunities to defend this action. The strongly held public policy commitment represented by the Affidavit of Support should not be thwarted by the Defendants' non-responsiveness.

44. The fact that Mr. Gist and Ms. Starr are self-represented does not detract from the conclusion that entry of a default judgment is appropriate.

45. "In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut*, 86 F.3d 852, 856-57 (8th Cir. 1996) (citing *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994); *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983)).

46. The Plaintiff has been more accommodating than the rules require, giving Mr. Gist and Ms. Starr an additional month to file their answers. (Notice re: Extension of Deadline for Answers [Doc. No. 10].)  Before seeking entry of default, Ms. Fukita also gave them additional forewarnings of the impending default.  (McLawsen Decl. [Doc No. 25] ¶¶ 13-16.)

**D. Damages**

47. By signing an Affidavit of Support, a sponsor agrees to maintain the sponsored immigrant's "income" at a level equal to 125% of the Poverty Guidelines. 8 U.S.C. § 1183a(a)(1)(A).

48. Hence, damages are equal to the difference between the immigrant's actual income and 125% of the Poverty Guideline for the period in question. *Erler*, 824 F.3d at 1177.

49. As used in the pertinent regulations, "income" means the sponsored immigrant's federally taxable income. 8 C.F.R. § 213a.1 (defining "income"). Put differently, an immigrant is entitled to receive financial support equal to 125% of the poverty guideline, minus her earned income.

50. The Defendant's financial obligations under the Affidavits of Support commenced when Ms. Fukita became a resident on November 8, 2012. 8 C.F.R. § 213a.2(d); (Compl. ¶ 72; Fukita Res. Card, Compl., Ex. 7).

51. At the time she acquired residency status, Ms. Fukita was married to and residing with Mr. Gist. Ms. Fukita now seeks an award of damages commencing on the

date that she ceased residing with Mr. Gist, to wit, February 13, 2018. (Fukita Decl. [Doc. No. 26] ¶ 5.)

52. For purposes of damages calculation, Ms. Fukita has a household of one because her minor child, I.S.F., is a U.S. citizen and was not listed as a sponsored immigrant on the Affidavits of Support. (*Id.* ¶ 6); *Erler*, 824 F.3d 1173, 1178.

53. Likewise, Mr. Gist's de minimis child support payments do not offset damages under the Affidavit of Support. *Younis v. Farooqi*, 597 F. Supp. 2d 552, 555 (D. Md. Feb. 10, 2009) (holding that child support does not offset liability under the Affidavit of Support because "child support is a financial obligation to one's non-custodial child, not a monetary benefit to the other parent").

54. Ms. Fukita has remained unemployed since her separation from Mr. Gist in February 2018. (Fukita Decl. ¶ 15.)

55. Based on the annual poverty guidelines, as published by the Department of Health and Human Services, the Court calculates Ms. Fukita's damages as follows though the end of December 2020:

| Timeframe | Income | 125% FPG | Shortfall |
|---|---|---|---|
| 2018 | $0 | $15,175[1] | $13,343.97 |
| 2019 | $0 | $15,613 | $15,613 |
| 2020 | $0 | $15,590 | $15,590 |
|  |  | **Total:** | **$44,546.97** |

---

[1] The annual 125% poverty line ($15,175) is equal to $41.57/day, multiplied by 321 days (Feb. 13, 2018 through Dec. 31, 2018).

56. Pursuant to 8 U.S.C. § 1183a(c), Ms. Fukita is entitled to her expenses in bringing this enforcement action, including reasonable attorney fees and costs.

57. Ms. Fukita has reserved her motion for a fee and cost award until entry of judgment pursuant to this motion. *Cf. Stump v. Stump*, No. 1:04-CV-253-TS, 2005 WL 1290658, at *11 (N.D. Ind. 2005) (attorney fees under the Affidavit of Support are not an element of damages and should be sought as provided for under Civil Rule 54).

58. Additionally, the Court notes that should Mr. Gist and Ms. Starr fail to provide Ms. Fukita with the appropriate levels of support in the future (beginning in January 2021), as mandated by their continuing obligations under the Affidavit of Support, nothing in this Opinion will operate to deprive Ms. Fukita of the ability to pursue similar legal action to enforce her rights against the Defendants in the future, as the scope of this action is expressly limited to the time period between February 13, 2018 and December 31, 2020.

**E. Declaration of Plaintiff's Rights to Future Support**

59. Plaintiff is entitled to continued receipt of financial support from Defendants in the amount of 125% of the Federal Poverty Guidelines for her household size, less actual income, until the occurrence of one or more of the Terminating events. (*See* Compl., p. 15, ¶ C.)

60. The Court ORDERS Defendants to make monthly payments to the Plaintiff for the amount set forth in Paragraph 56 of this Order until such time as a Terminating Event occurs. (*See id.*, p. 15, ¶ D].

## II.     CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Default Judgment [Doc. No. 22] is **GRANTED**.

2. Judgment shall be entered against Defendants Joshua Gist and Deborah Starr in the amount of $44,456.97.

3. Defendants shall comply with their continuing support obligations in accordance with this Order.

4. Plaintiff shall file a motion, affidavit, and supporting documentation for reasonable attorney's fees within 30 days of entry of this Order. Defendants may submit a response 10 days later.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: January 28, 2021                         s/Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States District Judge