UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tomoko Fukita,<br><br>  Plaintiff,<br><br>v.<br><br>Joshua Gist and Deborah Starr,<br><br>  Defendants. | Case No. 20-CV-1869 (SRN/LIB)<br><br><br>**ORDER ON MOTION FOR<br>ATTORNEY'S FEES AND COSTS** |

Gregory McLawsen, Immigration Support Advocates, 113 Cherry St. ECM # 45921, Seattle, WA 98104-2205, and Nicholas Ratkowski, Contreras & Metelska, P.A., 200 University Ave. W., Ste. 200, St. Paul, MN 55103, for Plaintiff.

Joshua Gist and Deborah Starr, Pro Se Defendants.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Plaintiff Tomoko Fukita's Motion for Attorney's Fees [Doc. No. 35], which was submitted on the papers. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

**I.  BACKGROUND**

In August 2020, Plaintiff, who is a citizen of Japan and a lawful permanent resident of the United States, filed this lawsuit to enforce two immigration Form I-864 Affidavits of Support. In an Affidavit of Support, a sponsor agrees "to provide the intending immigrant any support necessary to maintain him or her at an income that is at least 125 percent of the Federal Poverty Guidelines for his or her household size." (*See* Gist Aff. of Supp. [Doc. No. 3-1] at 7.) Plaintiff's former husband, Defendant Joshua Gist, and her

1

former mother-in-law, Defendant Deborah Starr, submitted the Affidavits of Support in connection with Plaintiff's immigrant visa petition. (Compl. [Doc. No. 1] ¶¶ 1–5.)

Defendants did not respond to the Complaint or enter an appearance, and Plaintiff subsequently moved for default judgment [Doc. No. 22]. At the January 15, 2021 hearing on Plaintiff's Motion for Default Judgment, held via videoconference, Defendants appeared pro se, and did not contest their support obligations. (*See* Jan. 15, 2021 Minute Entry [Doc. No. 32].)

In the Court's January 28, 2021 Conclusions of Law and Order for Entry of Default Judgment [Doc. No. 33], the Court directed entry of judgment in the amount of $44,456.97 against Defendants. The Court also noted that Ms. Fukita had reserved her motion for an attorney's fee and cost award until entry of judgment. (Jan. 28, 2021 Order at 12.) Finding that Plaintiff was entitled to recover the expenses incurred in bringing this enforcement action pursuant to 8 U.S.C. § 1183a(c), including reasonable attorney's fees and costs, the Court directed her to file a motion and supporting documents within 30 days after entry of the January 28 Order. (*Id.* at 13.) The Court also permitted Defendants to respond within 10 days thereafter. (*Id.*)

Ms. Fukita filed her Motion for Attorney's Fees and Costs on February 15, 2021. She requests attorney's fees and costs as follows: (1) for local counsel, Nico Ratkowski, $4,846.47 in attorney's fees, and $500 in costs; and (2) for national counsel, Greg McLawsen, a total of $14,989.36 in attorney's fees and costs. (Pl.'s Mem. Supp. Mot. for Atty. Fees [Doc. No. 36] at 28.) Defendants did not file a response.

**II.    DISCUSSION**

Pursuant to 8 U.S.C. § 1183a(c), the Court has found that Plaintiff is entitled to "an order for . . . payment of legal fees and other costs."  (Jan. 28, 2021 Order at 12.)  Fees awarded pursuant to a fee-shifting statute must be reasonable.  *Bonilla v. Johnson*, No. 14-cv-4962 (BRT), 2016 WL 10636351, at *2 (D. Minn. Dec. 15, 2016) (citation omitted).

The Supreme Court has stated that the amount of an attorney's fee award must be determined on the facts of each case and is within the district court's discretion.  *Hensley v. Eckerhart*, 461 U.S. 424, 429, 437 (1983); *see Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (citation omitted) ("Attorney's fees are within the broad discretion of the district court . . . .").  The starting point for determining a reasonable attorney's fee is the "lodestar" calculation, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Hanig*, 415 F.3d at 825 (citation omitted); *see Hensley*, 461 U.S. at 433.  In determining a reasonable attorney's fee, courts may also consider a number of factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) ("the *Johnson* factors"), although the Supreme Court has observed that most of the *Johnson* factors are subsumed in the initial calculation of the lodestar award.[1]  *Hensley*,

---

[1]    The *Johnson* factors include:

"(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and

461 U.S. at 434 n.9; *see also United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 574 n.9 (8th Cir. 1996).

As for the hourly rate, "district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig*, 415 F.3d at 825. Plaintiff requests a rate of $400 per hour for the work of Mr. McLawsen, (McLawsen Decl. [Doc. No. 38] ¶ 33), and $400 per hour for the work of Mr. Ratkowski. (Ratkowski Decl. [Doc. No. 37] ¶ 8.)

While the requested hourly rates for both attorneys are the same, the Court notes that Mr. McLawsen has considerably more years of experience than Mr. Ratkowski. (*Compare* McLawsen C.V. [Doc. No. 38-1] at 1 (2009 law school graduate), *with* Ratkowski C.V. [Doc. No. 37-1] at 1 (2018 law school graduate).) Moreover, Mr. McLawsen possesses unique experience with Form I-864 enforcement actions that few attorneys possess nationwide. (McLawsen C.V. at 2–6, 8–9; Carney Letter [Doc. No. 38-3].) The Court concludes that Mr. McLawsen's $400 hourly rate is reasonable in light of his specialized expertise regarding Form I-864 litigation, his years of experience, and the rates for immigration work in the Twin Cities metropolitan area.

While Mr. Ratkowski also possesses expertise in immigration law, the Court finds that an hourly rate of $300 per hour is reasonable in light of his years of experience and the rates for immigration work in the Twin Cities for an attorney with his level of experience.

---

length of the professional relationship with the client; and (12) awards in similar cases."

*Hensley*, 461 U.S. at 430 n.3 (citing *Johnson*, 488 F.2d at 717–19).

4

*See, e.g.*, *Muse v. Barr*, No. 18-cv-0054 (PJS/LIB), 2019 WL 4254676, at *4 n.6 (D. Minn. Sept. 9, 2019) (awarding attorney's fees to two immigration law attorneys at a $200 hourly rate under the Equal Access to Justice Act, 28 U.S.C. § 2412).

Regarding the reasonableness of the hours expended, the Court has reviewed the itemized invoices submitted by Mr. McLawsen [Doc. No. 38-2] and Mr. Ratkowski [Doc. No. 37-2], which provide a detailed description of the work performed, as well as the date, hourly rate, and total amount. The entries detailing costs are likewise descriptive and date-specific. (McLawsen Invoice at 4, 7–8; Ratkowski Invoice at 2.) Based on the Court's review of the invoices and the attorneys' declarations, the Court finds that the requested fees and costs were necessarily incurred and are reasonable and not excessive in light of the work performed.[2]

Accordingly, the Court grants Plaintiff her requested award of attorney's fees and costs attributable to Mr. McLawsen in the amount of $14,989.36. With respect to Plaintiff's requested award for fees attributable to Mr. Ratkowski, the Court grants Plaintiff's request in part, and denies it in part, based on the reduced hourly rate. The Court finds that Mr. Ratkowski's expenditure of 12.12 hours was reasonable. At an hourly rate

---

[2] The Court has also considered all of the *Johnson* factors, which are subsumed in the rate and hour analysis, including the favorable result obtained by Ms. Fukita. Because these factors are subsumed in the lodestar analysis, and because Plaintiff does not seek a lodestar multiplier, (Pl.'s Mem. Supp. Mot. for Atty. Fees at 19), the Court does not address these factors.

of $300 per hour, the Court awards Plaintiff $3,636 in attorney's fees and $500 in costs, for a total of $4,136 attributable to Mr. Ratkowski.

### III. ORDER

**THEREFORE, IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for Attorney's Fees [Doc. No. 35] is **GRANTED IN PART**, and **DENIED IN PART**, as set forth herein.

2. Plaintiff shall be awarded a total of $19,125.36 in attorney's fees and costs against Defendants (consisting of $14,989.36 attributable to Mr. McLawsen's attorney's fees and costs, and $4,136 attributable to Mr. Ratkowski's attorney's fees and costs).

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: February 26, 2021                                s/Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge